UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES LEWIS and <br> NICOLE LEWIS, <br>            Plaintiffs <br> <br> v. <br> <br> DIMEO CONSTRUCTION <br> COMPANY, HILTI, INC. <br> and HILTI CORPORATION, <br>            Defendants | * <br> * <br> * <br> * <br> *    Civil Action No.: 1:14-cv-10492-DJC <br> * <br> * <br> * <br> * <br> * <br> * |

**MEMORANUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF ORDER NUNC PRO TUNC APPROVING SERVICE ON HILTI CORP. BY REGISTERED MAIL, OR IN THE ALTERNATIVE, TO ALLOW PLAINTIFFS TO RESERVE HILTI CORP. BY REGISTERED MAIL**

**I.     INTRODUCTION**

This is a product liability case in which the Plaintiffs contend that James Lewis was severely injured on May 25, 2012 when a Hilti DX460 powder actuated tool known as "Hilti gun" malfunctioned and fired a piston into his hand.  On January 13, 2014, Plaintiff filed an action in Suffolk Superior Court against, inter alia, Hilti Corporation a Liechtenstein corporation which designed and manufactured the product and its United States distributor, Hilti, Inc., which distributed the product.  Service of process was made on Hilti, Inc. by certified mail, return receipt requested, and Hilti removed the action to this court on March 4, 2014.  On April 1, 2014, Plaintiff effected service on Hilti Corp., by registered mail, return receipt requested [1].  See Exhibit "A" to Plaintiffs Motion.  The Plaintiffs now move that the court approve said service nunc pro tunc.  In the alternative, Plaintiffs request that the court allow Plaintiffs to reserve Hilti Corporation by registered mail, return receipt requested.

---

[1]  An earlier attempt to serve Hilti Corporation by registered mail was ineffective as no return receipt was returned by the post office.

## II. ARGUMENT

### A. THE COURT SHOULD APPROVE NUNC PRO TUNC REGISTERED MAIL SERVICE ON HILTI CORPORATION

This case presents a virtually identical situation to that in the case of Marks v. Alfa Group, 615 F. Supp. 2d 375 (E.D. Pa. 2009).  There, Plaintiffs served a Liechtenstein Defendant, Crown, through Federal Express and received a signed receipt indicating that the Defendant had received the service documents.  The Liechtenstein Defendant moved to dismiss, contending that Federal Express service was not proper in Liechtenstein.  The court denied the motion and entered an order approving nunc pro tunc the service of process on the Defendant.

As the Marks court explained, Liechtenstein is not a signatory to the Hague Convention and is not on the public list of companies compiled by the State Department for which service of legal documents by registered mail should not be used.  Thus, the court concluded:

> There is nothing in the record that the Principality of Liechtenstein is party to any international agreement prohibiting service by registered mail. Moreover, as we concluded earlier, the law of the Principality does not expressly prohibit service by registered mail. As a result, an order pursuant to Rule 4(f)(3) approving service by registered mail will not offend foreign law. With respect to due process, Crown does not deny that it has signed for and accepted the FedEx package which, like the package sent by the Clerk of Court, contained both a summons and a copy of the complaint. Based on this information and the extensive briefing submitted on this issue, we have no doubt that Crown has been adequately notified of the pendency of the action.

615 F. Supp. 2d. at 379.

The court then analyzed whether Plaintiffs could proceed based on F.R.Civ. P. 4(f)(3), which allows service on a corporation located in a foreign country "by other means not prohibited by international agreement, as the court orders."  The court found that Plaintiffs had

effected appropriate service but had not requested prior approval from the Court. There was no dispute that the Liechtenstein Defendant had received the service documents and would have the opportunity to defend itself in the action. Accordingly, rather than requiring the Plaintiff's to undertake the redundant act of serving the Liechtenstein Defendant in the same manner as already accomplished, the Court approved nunc pro tunc the Federal Express service.[2]

This case is exactly the type of case in which the service should be approved nunc pro tunc. There is no dispute that Hilti Corp. received the service documents and the Plaintiffs have furnished a signed receipt to that effect. It appears that both Hilti entities are insured by the same insurer and will be represented by the same law firm. As in Marks, the Defendant, Hilti Corp. here "will be able to defend itself in the merits of that action," 615 F. Supp. 2d at 380. For all of those reasons, the court should approve nunc pro tunc the registered mail service on Hilti.

**B.     IN THE ALTERNATIVE, THE COURT SHOULD ALLOW PLAINTIFFS TO RESERVE HILTI CORPORATION BY REGISTERED MAIL**

The court in Marks indicated that prudent Plaintiffs would seek prior approval of their method of service rather than seeking a nunc pro tunc order. If the court therefore will not enter a nunc pro tunc order, Plaintiffs request that they be allowed to reserve the Hilti Corporation by the same registered mail method already utilized.

As the Marks court noted, the alternative to a method such as registered mail service is letters rogatory, a method characterized by the State Department as a "time consuming cumbersome process" with" "habitual time delays of up to a year or more in execution of the requests," Marks, 615 F. Supp. 2d. at 378, note 2. Based on prior experience, Plaintiffs believe that the letters rogatory process is both expensive and inefficient. In contrast, Plaintiffs'

---

[2] See also Angeles v. Uson, 2013 WL 1891135 (Mass. Super.), in which Judge Sallinger approved nunc pro tunc service in the Philippines, citing Marks with approval.

registered mail service on the Hilti Corporation cost less than $20.00, effected service within one week, and produced a signed receipt establishing that Hilti Corporation was served.  Since Hilti Corporation is in a country which does not prohibit service by mail, the Plaintiffs request as alternative relief that the court enter an order under F. R.Civ.P.4(f)(3) allowing them to reserve the Hilti Corporation by registered mail, return receipt requested.

### III.     CONCLUSION

Based on the foregoing, the Plaintiffs request that the court enter an order approving <u>nunc pro tunc</u> Plaintiffs registered mail service on Hilti Corp.  In the alternative, Plaintiffs request that the court enter an order allowing them to reserve Hilti Corporation by registered mail, return receipt requested.

The Plaintiffs,
By Their Attorneys,


  /s/ Alan L. Cantor
James A. Swartz, Esq.
BBO No.: 556920
Alan L. Cantor, Esq.
BBO No.: 072360
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 02108
617-742-1900

Dated: April 28, 2014

## **CERTIFICATE OF SERVICE**

I, Alan L. Cantor, do hereby certify that a true copy of the above document was served upon all counsel of record by electronic service on this 28th day of April, 2014.

/s/ Alan L. Cantor_____
Alan L. Cantor