# United States District Court
# District of Massachusetts

JAMES LEWIS,
NICOLE LEWIS,
    Plaintiffs,

v.                                   CIVIL ACTION NO. 14-10492-IT

DIMEO CONSTRUCTION CO.,
HILTI, INC.,
HILTI CORPORATION,
    Defendants.

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ISSUANCE OF ORDER NUNC PRO TUNC APPROVING SERVICE ON HILTI CORPORATION BY REGISTERED MAIL, OR IN THE ALTERNATIVE, TO ALLOW PLAINTIFFS TO RESERVE HILTI CORPORATION BY REGISTERED MAIL (#9)

COLLINGS, U.S.M.J.

The present question in this litigation is whether service of process upon defendant Hilti Corporation ("Hilti")[1], domiciled in the principality of Liechtenstein, was proper, and if not, whether service can be made at this time and if so, by what means. The facts are rather straightforward; the law to be applied, especially as concerns the law of Liechtenstein (to the extent it is relevant), is rather more complex.

The facts are that Hilti is named in Counts III and IV of the Complaint (#4) alleging negligence in connection with the manufacture and design of a powder actuated tool (Count III) and further alleging loss of consortium (Count IV). James Lewis avers that he was injured while using the tool when it misfired and fired a piston into his hand; his wife, Nicole Lewis, seeks recovery for loss of consortium.

Plaintiffs served Hilti in Liechtenstein by registered mail. A return receipt was returned to the plaintiffs' attorney in the normal course of post office business. *See* #9, Exh. A at p. 4. The return receipt bears a stamp with the address of Hilti on it as well as a signature of a representative of Hilti (which is illegible). Although the box next to the statement "The article mentioned above

---

[1] Hilti, Inc., a domestic (Oklahoma) corporation, is named as a separate defendant.

was duly delivered" was not checked and the date of delivery was not inserted, the Court finds that the summons and complaint were received by Hilti on April 1, 2014. I base this finding on the fact that the registered mail was delivered to the United States Post Office on or about March 27, 2014, the stamp on the return receipt is marked "-1.-4.14-19" which means "April 1, 2014," Hilti has never denied that the materials were delivered to it[2], and on April 22, 2014, an attorney entered her appearance on behalf of Hilti and entered into a stipulation to extend time to answer. *See* #8.

Now as to the law, the matter is first governed by the Federal Rules of Civil Procedure, specifically Rule 4(f), which deals with service on an individual in a foreign country, reading as follows:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

---

[2] In the interest of completeness, the record does not indicate that Hilti ever explicitly admitted having received the summons and complaint.

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by

> international agreement, as the court orders.

Federal Rules of Civil Procedure Rule 4(f) (hereinafter, "Rule 4(f)").

As can be seen, Rule 4(f) provides several alternative means of service. First subpart (1) permits service pursuant to "internationally agreed means of service." Counsel agree that as to Liechtenstein, there no such "agreed means."

Subpart (2) deals with the situation in which there are no "international agreed means of service or if an international agreement allows but does not specify others means," then the three alternatives are given. Subpart (2)(A) allows service "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." No evidence has been adduced as to what is required for service in an action in the courts of Liechtenstein.[3] Subpart 2(B) allows for service "as the foreign authority directs in response to a letter rogatory or letter of request." Plaintiffs' counsel asserts that a valid method of service in this case would be by letters rogatory; Hilti's counsel does not indicate one way or the other whether that would be an acceptable means of service, but the Affidavit of Wolfgang Seeger (#11, Exh.

---

[3] The Affidavit of Wolfgang Seeger (#11, Exh. 1) does not, so far as appears, deal with what the courts of general jurisdiction in Liechtenstein require *vis-a-vis* service of process.

1 at ¶¶ 3-4) would seem to indicate that it would be. However, plaintiffs' counsel is reluctant to use letters rogatory other than as a last resort because the process is so time-consuming and would substantially delay the resolution of plaintiffs' claims.

Subpart 2(C) provides for service by "(i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." However, these methods are permissible only when they are not "prohibited by the foreign country's law." But the plaintiffs did not use either of these methods. Hilti was not served personally, and the mail which was sent was not sent by the clerk.[4]

Lastly, there is subpart (3) to Rule 4(f) which provides that service may be made " . . . by other means not prohibited by international agreement, as the court orders." This is the subpart on which plaintiffs rely.

Will this method work in this case? While there is no requirement in the text of subpart (3) of Rule 4(f) that the method of service must not be

---

[4]
Interestingly, it has been held by one federal district judge that having service by mail by the clerk as per Rule 4(f)(2)(C)(ii), Fed. R. Civ. P., is not prohibited by the law of Liechtenstein. *Marks v. Alfa Group,* 615 F. Supp.2d 375, 379 (E.D. Pa., 2009). The *Marks* case will be further discussed, *infra*.

prohibited by the foreign country, the Advisory Committee Notes indicate that use of the method should ". . . minimize offense to foreign law." Fed. R. Civ. P. 4(f)(3), Advisory Committee Notes (1993). The Court sees little difference between the phrase "not prohibited by foreign law" and "minimiz[ing] offense to foreign law," so the issue is whether service by registered mail with a signed receipt on a defendant in Liechtenstein is either prohibited by, or offensive to, that country's law.

Counsel for Hilti maintains that it is. Attorney Seeger in his "Affidavit" (#11, Exh. 1) states that:

> Direct service by a foreign court or private individual or legal entity on a Liechtenstein subject or body corporate can be punished under Article 2 of the State Protection Act of 14 March 1949 . . . as it is in breach of Liechtenstein Public Law and Order and the territorial sovereignty of the Principality of Liechtenstein.

Affidavit, #11, Exh. 1 at ¶ 4.

Counsel for the defendant has provided a copy of said Article 2 (#31); the Article provides:

> Whoever undertakes to act on behalf of a foreign country without being permitted to do so, on the territory of Liechtenstein, though such acts would be subject to the competence of an authority or public officer, or supports such [unpermitted] acts, will be

7

>punished by the district court for such offense with imprisonment up to 3 years.

(#31)

The Court assumes that the basis of Attorney Seeger's opinion is that when a private party serves process by mail in Liechtenstein, that private party is acting "on behalf of a foreign country." That may be true with respect to litigation in some countries, but it is not true in courts of the United States. In effectuating service of process in a lawsuit, a party acts as a private party and not on behalf of the United States. The United States has no interest whatsoever in the act of service; it is totally the responsibility of the private party. And if service is not made, the party's lawsuit will be dismissed. *See* Rule 12(b)(5), Fed. R. Civ. P.

Attorney Seeger also cites "Art. 14 of the law for service of process of October 22, 2008 . . . ." (#11, Exh. 1 at ¶ 6)[5] It appears that this Article deals with additional procedures (such as providing a German translation of a document) when "delivery of documents of foreign authorities *according to existing international agreements or in accordance with international practice inland.*" (Emphasis added) The Court sees this provision as adding requirements when service is made by letters rogatory, a form of service which

---

[5] A copy is attached to this Report and Recommendation.

the Court assumes is " . . . in accordance with international practice inland."

Based on the foregoing, the Court rules that Rule 4(f)(3), Fed. R. Civ. P., authorizes service of process on Hilti in Liechtenstein as plaintiffs have done in this case because the Court cannot discern, based on the Liechtenstein law which has been cited, how such service is prohibited by, or offensive, to the law of Liechtenstein.

As mentioned in footnote 4, *supra,* the Court in the *Marks* case found that service by the clerk as provided in Rule 4(f)(2)(C)(ii), Fed. R. Civ. P., was not prohibited by the law of Liechtenstein. In that case, the defendant was relying on Articles 27 through 29 of the Liechtenstein Code of Judicial Conduct, pertinent portions of which are quoted in the opinion, but which the Court found do not prohibit service by mail. *Marks,* 615 F. Supp.2d at 378. I agree with this conclusion. Although the Articles provide that "the High Court of Liechtenstein shall, on request provide legal assistance to foreign courts . . .", ". . . the statute does not expressly prohibit any form of service, nor does it state that 'service must be effected' by letters rogatory or that Liechtenstein law 'requires' that method of service for international legal documents." *Id.*

The only other problem is that Rule 4(f)(3) requires this form of service

must be "as the court orders." In the instant case, no court "ordered" service of process in the manner in which plaintiffs effectuated service. The plaintiffs on their own used registered mail. The question then is can the Court validate that service *nunc pro tunc*? Prior precedent in this District answers that question in the affirmative.

In the case of *Igloo Products Corp. v. Thai Welltex International Co., Ltd.,* 379 F. Supp.2d 18, 19 (D. Mass., 2005), Judge Gorton approved service pursuant to Rule 4(f)(3) despite no prior approval having been obtained. Other cases support the proposition that court approval for service under Rule 4(f)(3) can be given when no prior approval is obtained and approval is sought after the fact. *Marks,* 615 F. Supp.2d at 380; *Export-Import Bank of the United States v. Asia Pulp & Paper Co., Ltd.,* 2005 WL 1123755, at * 5 (S.D.N.Y., May 11, 2005). To be sure, the Ninth Circuit had earlier ruled otherwise, *Brockmeyer v. May,* 383 F.3d 798, 806 (9 Cir., 2004), and while district courts in the Ninth Circuit have followed the ruling, *see, e.g., Latinamerican Theatrical Group, LLC v. Swen International Holding,* 2013 WL 3071057, at * 1, n. 2 (C.D. Cal., June 18, 2013), it does not appear to have been followed in other circuits.

In any event, I believe Judge Gorton's ruling in the *Igloo Products Corp.*

case is correct. The Court, in reviewing the service which was made and is sought to be approved, can determine whether the service ". . . comport[s] with notions of due process." *Igloo Products Corp.*, 379 F. Supp.2d at 19. That means that the method of service of process gives notice to the parties who have been served and is "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 314 (1950)). In my opinion, the service by registered mail in this case fulfills all of these requirements and fully comports with due process.

Accordingly, I RECOMMEND that Plaintiff's Motion for Issuance of an Order *Nunc Pro Tunc* Approving Service on Hilti Corporation by Registered Mail, or in the Alternative, to Allow Plaintiffs to Reserve Hilti Corporation by Registered Mail (#9) be ALLOWED and that the Court issue an Order APPROVING, pursuant to Rule 4(f)(3), Fed. R. Civ. P., the service by registered mail which was made on Hilti in this case.

### *Review by the District Judge*

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk

of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,*

616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

August 11, 2014.