UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES LEWIS and NICOLE LEWIS, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-10492-IT |
| | * | |
| DIMEO CONSTRUCTION COMPANY | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

June 9, 2015

TALWANI, D.J.

        Before the court is Hilti Corporation's Motion to Request an Amendment to the Court's

Order on Its Denial of the Motion to Dismiss [#60] so as to allow interlocutory appeal.[1]

        Pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal is appropriate:

        [w]hen a district judge, in making in a civil action an order not otherwise appealable
        under this section, shall be of the opinion that such order involves a controlling
        question of law as to which there is substantial ground for difference of opinion and
        that an immediate appeal from the order may materially advance the ultimate
        termination of the litigation.

The First Circuit has made clear that this process "'should be used sparingly and only in

exceptional circumstances, and where the proposed intermediate appeal presents one or more

difficult and pivotal questions of law not settled by controlling authority.'"  In re San Juan

Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir. 1988) (quoting McGillicuddy

---

[1] The court notes that this motion was filed without a certificate of consultation as required by
Local Rule 7.1.  Counsel are reminded of their obligation to comply with this Local Rule.

v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984)); see also Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005).

Here, Hilti Corporation ("Hilti Corp.") states that "personal jurisdiction is a question of law . . . as to which there are substantial grounds for differences of opinion based on the specific facts of each case" and that "an immediate appeal . . . may serve to narrow the issues and ultimately terminate the counts against Hilti Corp." Def.'s Mot. Request Amendment Court's Order Its Denial Mot. Dismiss, 1 [#16]. Hilti Corp. further asserts that "[t]he only way for Hilti Corp. to effectively challenge this Court's order denying its Motion to Dismiss is by immediate appeal." Id. at 1-2.

Hilti Corp.'s arguments do not satisfy § 1292(b)'s standard. Mere disagreement with the court's application of law to the facts of this case does not suffice to show an exceptional circumstance, and Hilti Corp. has not suggested this case involves a "difficult and pivotal question[] of law not settled by controlling authority." In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d at 1010 n.1. Moreover, Hilti Corp.'s contention that immediate appeal is the only way to effectively challenge the court's order ignores that "a denial of a motion to dismiss [under the prima facie standard] is an implicit deferral until trial of the final ruling on [personal] jurisdiction." Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 678 (1st Cir. 1992). Accordingly, Hilti Corp. may renew its jurisdictional argument at trial, where Plaintiffs will bear the burden of establishing personal jurisdiction to a preponderance-of-the-evidence standard.

Accordingly, Hilti Corporation's Motion to Request an Amendment to the Court's Order on Its Denial of the Motion to Dismiss [#60] is DENIED.

IT IS SO ORDERED.

June 9, 2015                                         /s/ Indira Talwani
                                                    United States District Judge